UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-21551-CIV-ALTONAGA/Simonton

**PATRICK REPPERT**, *et al.*,

    Plaintiffs,

vs.

**MINT LEAF, INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs, Patrick Reppert and Joseph Diaz's ("Plaintiffs[']") Motion for Attorneys' Fees ("Motion") [ECF No. 110], filed on December 28, 2012. Defendants, Mint Leaf, Inc. ("Mint Leaf"), Jointcater USA, Inc. ("Jointcater"), Ranjit Sood ("Sood"), and Monica Vallarino ("Vallarino") (collectively, "Defendants") filed a Response . . . ("Response") [ECF No. 111] on January 11, 2013, to which Plaintiff replied ("Reply") [ECF No. 112] on January 18, 2013. The Court has carefully considered the parties' written submissions and applicable law.

### I. BACKGROUND

On May 3, 2011, Plaintiffs filed a Complaint [ECF No. 1] alleging minimum wage and overtime violations pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201–219. (*See generally* Compl.). During a mediation, the parties reached a fair and reasonable resolution of the parties' disputes; however, the parties were unable to resolve two issues: (1) whether Mint Leaf was an employer under the FLSA; and (2) the amount of reasonable attorneys' fees and costs to be received by Plaintiffs' counsel. (*See* Order [ECF No. 101]; *see*

*also* Report [ECF No. 100]). As a result, the parties requested that the Court retain jurisdiction to determine reasonable attorneys' fees and costs and whether Mint Leaf was properly named as an employer under the FLSA. (*See id.*). Thereafter, Plaintiffs moved to tax their costs pursuant to 29 U.S.C. section 1920 (*see* [ECF No. 103]), which the Court granted in part on December 7, 2012 (*see* Order [ECF No. 109]).

Plaintiffs now seek attorneys' fees in the amount of $184,292.50,[1] which Plaintiffs will initially attempt to collect from the Defendants other than Mint Leaf. In the event that Plaintiffs are unable to collect their attorneys' fees, Plaintiffs will then seek a determination by the Court whether Mint Leaf was an employer under the FLSA. (*See* Reply 7; Mot. 15). The following is a summary of the attorneys' fees Plaintiffs seek:

| Name | Position | Hourly Rate | Total Hours | Total |
| --- | --- | --- | --- | --- |
| David Andrew Byrne | Attorney–27yrs | $425 | 42.1 | $17,892.50 |
| David Andrew Byrne | Attorney–27yrs | $500 | 70.7 | $35,350.00 |
| Jamie Dokovna | Attorney–10yrs | $350 | 309.1 | $108,185.00 |
| Lisa Siquenza | Paralegal–15yrs | $125 | 24.9 | $3,112.50 |
| Lilliam Varga | Paralegal–16yrs | $125 | 12.2 | $1,525.00 |
| Linda Sturtevant | Paralegal–20yrs | $125 | 53.6 | $6,700.00 |
| Nikki Winer | Paralegal– yrs | $75 | 65.9 | $4,942.50 |
| Michael Candler | Paralegal–10yrs | $125 | 37.1 | $4,637.50 |
| Robert Blumberg | Law Clerk | $95 | 20.5 | $1,947.50 |

Defendants argue the Court should award a "far lesser sum than sought by the Plaintiffs." (Resp. 2). Although Defendants do not suggest a sum certain that the Court should deduct, Defendants argue Plaintiffs request unreasonable hourly rates and an excessive number of hours,

---

[1] There appears to be some confusion regarding whether Plaintiffs request $184, 292.50 for 636.1 hours (*see* Reply 7; Decl. of Jamie B. Dokovna ("Dokovna Decl."), at Ex. 1 [ECF No. 110-1]), or $167,200 for 583.6 hours (*see* Resp. 1; Dec. 10, 2012 Aff. of Roderick V. Hannah ("Hannah Aff."), at ¶ 5 [ECF No. 110-3]). The Court bases its analysis on the former.

and a reduction is warranted for Plaintiffs' limited success. (*See id.* 4–6).

## II. ANALYSIS

The parties agree plaintiffs who prevail on FLSA claims are entitled to "reasonable attorney's fees." 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). Defendants concede Plaintiffs are prevailing plaintiffs under the FLSA and are entitled to an award of reasonable attorneys' fees. (*See* Resp. 2 ("Other than as to Defendant Mint Leaf, Inc., Plaintiff is considered a prevailing party by virtue of the parties' settlement which was approved by the Court.")).

The framework for the award of attorneys' fees to prevailing plaintiffs is articulated in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), and *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The analysis of any fee award begins with the determination of the "lodestar." "[T]he lodestar figure–the product of reasonable hours times a reasonable rate–represents a 'reasonable' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (finding the lodestar figure enjoys a strong presumption of reasonableness). Lodestar has "become the guiding light of our fee-shifting jurisprudence." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Prevailing FLSA plaintiffs are entitled to only those awards of attorneys' fees that are reasonable. *See Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009). The burden of establishing the fee request is reasonable rests with the fee applicant, who must supply the court with "specific and detailed evidence" in an organized fashion. *Norman*,

836 F.2d at 1303. Where the documentation is inadequate, the court may reduce the award accordingly. *See id.* (citations omitted); *Hensley*, 461 U.S. at 433. Thus, Plaintiffs bear the burden of establishing the requested hourly rate is a reasonable one, *cf. Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994), and that the fees do not arise from "hours that are excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434; *see ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). However, the Court is considered an expert on the reasonableness of attorney's fees, and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940) (citations omitted). Courts have broad discretion to determine what fees are reasonable under the circumstances. *See Martinec v. Party Line Cruise Co.*, 350 F. App'x 406, 407 (11th Cir. 2009) ("'The determination of a reasonable fee pursuant to § 216(b) of the [FLSA] is left to the sound discretion of the trial court . . . .'") (first alteration in original) (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985)).

Additionally, finding the product of reasonable hours times a reasonable rate does not end the inquiry. *See Hensley*, 461 U.S. at 434. Other considerations may lead a court to adjust the lodestar, such as the results obtained. *See id.* Thus, when awarding fees, the Court must allow meaningful review of its decision by "articulat[ing] the decisions it made, giv[ing] principled reasons for those decisions, and show[ing] its calculation." *Norman*, 836 F.2d at 1304 (citation omitted).

Defendants contest the reasonableness of the requested attorneys' fees, challenging them on the related grounds that the hourly rates are unreasonable, the hours claimed are not reasonable, and arguing a large reduction is necessary to reflect Plaintiffs' relative lack of

4

success.[2] The Court addresses Defendants' discrete arguments in turn.

1. *Reasonable Hourly Rates*

Defendants assert the hourly rates requested by Plaintiffs are "outrageous." (Resp. 4). Defendants thus contend the rates for the partner, David Andrew Byrne ("Byrne"), the senior associate, Jamie Dokovna ("Dokovna"), and each of the five paralegals (collectively, the "Paralegals") should be reduced. In support, Defendants submit the Affidavit of Larry McGuinness ("McGuinness") [ECF No. 111-1], and argue Byrne's rate should be $300/hour; Dokovna's rate should be $175/hour; and the Paralegals' rate should be $50/hour. (*See* Resp. 5).[3]

Plaintiffs provide the Court with fairly detailed diary entries (*see* Dokovna Decl., at 4–27), and submit the Affidavit of Roderick V. Hannah ("Hannah") [ECF No. 110-3] in support of their requested hourly rates. Hannah suggests the appropriate range for Byrne is $400 to $500/hour; $300 to $400/hour for Dokovna; and a graduated hourly rate for paralegals based on years of experience from $75 to $150/hour. (*See* Hannah Aff. at ¶ 3). Plaintiffs additionally cite to *CC-Aventura, Inc. v. Weitz Co., LLC*, No. 06-21598-CIV, 2008 WL 276057, at *2 (S.D. Fla. Jan. 31, 2008), and *Lane v. Capital Acquisitions & Management Co.*, 554 F. Supp. 2d 1345 (S.D. Fla. 2008), in support of their requested hourly rates. (*See* Reply 6).

In determining the appropriate hourly rate for Plaintiffs' various attorneys and paralegals, the Court considers the parties' expert reports, case law, as well as its own knowledge and experience. Regarding the parties' experts, the Court first notes McGuinness suggests a range

---

[2] Defendants also assert, in passing, that the Court should exercise its discretion and deny Plaintiffs' request in its entirety as a request that is "so outrageously excessive [that] it shocks the conscience of the court." (Resp. 2 n.1 (citations omitted)). Plaintiffs' request does not shock the conscience of the Court; thus, this argument is not further discussed.

[3] The Court presumes Defendants do not object to the $95/hour rate for the Law Clerk, Robert Blumberg, and that hourly rate appears reasonable to the Court.

5

for Byrne of $300 to $325/hour, a range of $175 to $200/hour for Dokovna, and $50/hour for each paralegal. (*See* McGuinness Aff., at 8). Defendants selectively cite to the lowest end of their expert's suggested range in their Motion; however, the Court will afford some weight to the ranges suggested by McGuinness. In addition, despite McGuinness's suggestion that Hannah may be conflicted due to formerly having worked with Plaintiffs' counsel, the Court affords some weight to Hannah's graduated hourly rates, particularly for paralegals with significant experience.

Next, the Court addresses the case law cited by the parties. In *CC-Aventura*, the court granted the plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 37, reducing the eighth year associate's billing rate from $475 to $400 and reducing the first year associate's rate from $325 to $200. Significantly, *CC-Aventura* was not an FLSA case; instead, it was predicated upon a 174-page, seven-count complaint that included breach of contract and negligence claims against various defendants. *See generally* Complaint, *CC-Aventura, Inc. v. Weitz Co., LLC*, No. 06-21598-CIV (S.D. Fla. June 22, 2006), ECF No. 1. This distinction goes to the heart of the issue of a reasonable rate in this case, as Magistrate Judge Simonton, who awarded the attorneys' fees in *CC-Aventura*, more recently rejected a request for $450/hour for an experienced lead FLSA attorney, reducing the rate to $325/hour, and noting $325/hour is at the "upper end of reasonableness" for an FLSA case. *Estrada v. Alexim Trading Corp.*, No. 10-23696-CIV, 2012 WL 4449470, at *8 (S.D. Fla. Sept. 26, 2012); *see also id.* at *7–9.[4]

Yet, *Estrada* does not require the Court to set $325/hour as the maximum available rate in this case. In *Estrada*, only the plaintiff's counsel's experience level was established; the plaintiff "filed no affidavit and . . . provided no other evidence for the claim that the prevailing

---

[4] The irony that Defendants' expert, McGuinness, was the attorney requesting $450/hour in *Estrada* is not lost on the Court.

rate ranged from $300.00 to $550.00, including any case law." *Id.* at *8. Here, conversely, Plaintiffs submit Hannah's Affidavit and additionally point to *Lane* as support. In *Lane*, an FLSA case, the plaintiffs sought $475/hour for experienced attorneys with ten to twenty-five years of experience and $375/hour for a junior attorney with less than six years of experience. *See id.*, 554 F. Supp. 2d at 1352. Although the defendant did not object to the requested fees, the court nonetheless *sua sponte* reduced the rates to $450/hour and $270/hour, respectively, based on an earlier decision involving the same counsel. *See id.* at 1352–53. In the earlier decision, the court had reduced both senior attorneys' hourly rate from $475 to $450, as the lower amount fell "squarely within the ranges provide by both the [p]laintiff's and the [d]efendant's fee experts, and the [d]efendant did not object." *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1349–50 (S.D. Fla. 2007). The junior attorney's hourly rate was decreased to $270/hour, which was "the top of the range suggested by the [d]efendant's expert," because the attorney had relatively little experience, he had been sanctioned a number of times by other courts, and the court could not "say that [the attorney] conducted discovery, pretrial preparation or trial in the most efficient and expeditious manner possible." *Id.* at 1350–51. On this basis, the Court is persuaded that the hourly rates sought by Plaintiffs are unreasonably high, but not outlandishly so.

Finally, in settling on the appropriate hourly rates, the Court draws from its own knowledge of and experience with FLSA cases, including cases in which legal issues are not particularly difficult but the defendants are exceedingly uncooperative. Accordingly, Plaintiffs' counsel shall be compensated at the following reasonable hourly rates: Byrne — $375/hour; Dokovna — $325/hour; paralegals with ten or more years of experience — $100/hour; paralegals with less than five years of experience — $50/hour; law clerk — $95/hour.

2. *Excessive Hours*

Fees arising from "hours that are excessive, redundant, or otherwise unnecessary" should be excluded from an award of attorneys' fees. *Hensley*, 461 U.S. at 434. Although Plaintiffs, as the parties requesting attorneys' fees, must submit evidence sufficient to allow the Court to find the request reasonable, "objections and proof . . . concerning hours that should be excluded must be specific and reasonably precise." *Barnes*, 168 F.3d at 428 (internal quotation marks omitted) (quoting *Norman*, 836 F.2d at 1301). If a court finds the number of hours claimed to be unreasonable, it has two choices: "conduct an hour-by-hour analysis or . . . reduce the requested hours with an across-the-board cut." *Bivens v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted).

Defendants argue Plaintiffs seek compensation for an excessive number of hours. In particular, Defendants contend "[e]xcessive time was utilized to draft a relatively simple complaint, to do pre-filing legal research, drafting an opening case memo and pouring over Defendants' payroll records and receipts. Additionally, there are numerous blocking billing entries." (Resp. 5 (citation omitted)). However, Defendants utterly fail to point the Court to each specific entry in which excessive hours were billed and/or block billed.[5]

Plaintiffs insist Defendants' behavior was, in large part, the driving force behind the large number of hours Plaintiffs' counsel was forced to devote to this case over the last two years. (*See* Mot. 5–8). The defense tactics that drove up the litigation costs, according to Plaintiffs, include: failing to accept service, failing to timely respond to the Compliant and statement of claim, failing to timely respond to discovery resulting in the filing of two motions to compel, disclosing unorganized and voluminous documents once compelled, moving for summary

---

[5] The sole exception to this may be found in McGuinness's Affidavit, where he cites Dokovna's diaries for March 20, 2012 and March 21, 2012 as examples of block billing (*see* McGuinness Aff. 5), which Defendants do not bother to cite in their Response.

8

judgment on joint employment liability after admitting joint employment, and causing delays when two law firms successively withdrew as Defendants' counsel shortly before trial. (*See* Mot. 5–8; Reply 5).

Defendants are correct that the hours billed in relation to drafting the complaint, doing pre-filing legal research, and drafting an opening case memo are unreasonable, and several entries are impermissibly block billed. Furthermore, the Court is troubled that Plaintiffs seek reimbursement for 636.1 hours (*see* Dokovna Decl., at 27), when their own expert suggests only 583.6 hours are reimbursable (*see* Hannah Aff., at 3).

Nevertheless, the Court finds that the hours Plaintiffs spent "pouring over Defendants' payroll records and receipts" are, in large part, directly attributable to Defendants' dilatory and disorganized production of such documents. Indeed, Plaintiffs' counsel was forced to bill a great deal of time as a direct result of Defendants' conduct. Being unable to determine which hours Hannah deemed fit to exclude, the Court takes the across-the-board cut approach and reduces each attorney and paralegal's hours by fifteen percent. This results in a total of 540.69 reimbursable hours — nearly 100 hours less than requested by Plaintiffs, yet only slightly less than the hours Plaintiffs' own expert suggests are reimbursable. Accordingly, the Court calculates the lodestar amount at $136,663.00, which represents the reduced hourly rates multiplied by the correspondingly reduced hours billed.

3. *Reduction for Limited Success*

There is a "'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Bivens*, 548 F.3d at 1350 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565–66 (1986)). Nevertheless, after determining the lodestar, the Court then must consider other factors, including the results obtained, in determining the prevailing party's reasonable attorneys' fees. *See Hensley*, 461 U.S. at 434. Defendants contend

9

a large across the board reduction is necessary because Plaintiffs settled for $15,000 — a measly 6.25 percent of the amount sought in Plaintiffs' Statement of Claim. (*See* Mot. 6 (citing *Brandt v. Magnificent Quality Florals, Corp.*, No. 07-20129-CIV, 2011 WL 4625379, at *39–41 (S.D. Fla. Sept. 30, 2011))).[6]

Plaintiffs essentially insist Defendants made their proverbial bed by "tenaciously" litigating this case after initially ignoring it; and now they must lie in it, paying Plaintiffs' resulting attorneys' fees. (Reply 5; *see also id.* 2–5 ("The simple fact is that Defendants cannot complain about the time spent by Plaintiffs' counsel when they chose to stubbornly litigate this case. Plaintiffs' attorneys' fees were proportionate to the amount of time Defendants forced Plaintiffs to incur.")). Plaintiffs further maintain that even if Defendants are not held accountable for driving up Plaintiffs' attorneys' fees, Plaintiffs' request is nonetheless reasonable despite Plaintiffs' recovery of only $15,000. In support, Plaintiffs cite to several cases in which plaintiffs were awarded attorneys' fees ranging from seven times to thirty-two times the total judgment. (*See* Reply 3 (citing cases)). Here, the entire amount sought by Plaintiffs (which the Court has already determined must be reduced) is only 12.3 times the total judgment, well within the established range of reasonable fees.[7] In addition, Plaintiffs suggest that while they sought significantly more damages in their Statement of Claim, at the time of settlement, Plaintiffs estimated their damages as closer to $60,000. (*See* Mot. 13). Thus, if the Court considers this number, Plaintiffs recovered twenty-five percent of their potential claim, a significant improvement from the 6.25 percent recovery cited by Defendants.

As the court in *Rodriguez v. Super Shine & Detailing, Inc.*, No. 09-23051-CIV, 2012 WL

---

[6] Plaintiffs' Statement of Claim states, "Plaintiffs' good faith estimate of the alleged unpaid wages is in excess of $240,000.00, not including liquidated damages and attorneys' fees." (*Id.*, at 3 [ECF No. 6]).

[7] Factoring in the Court's reductions to the hourly rates and recoverable hours, this number drops to 9.11 times the total judgment.

10

2119865 (S.D. Fla. June 11, 2012), recognized:

> While reduced fee awards are proper in many cases, fee awards should not simply be proportionate to the results obtained, especially in FLSA cases, as fee awards in FLSA cases are often greater than the amount recovered by the plaintiff. This is to ensure that individuals with small claims can obtain representation necessary to enforce their rights. However, although prevailing parties in FLSA actions are entitled to attorney's fees, an entitlement to attorney's fees cannot be a carte blanche license for Plaintiff's [sic] to outrageously and in bad faith run up attorney fees without any threat of sanction.

*Id.* at *7 (internal quotation marks, alterations, and citations omitted). The court then discussed two cases: one in which the lodestar was reduced by fifty percent when the plaintiff recovered less than one half of one percent of his original claims, and another in which the lodestar was reduced by seventy percent when the plaintiff recovered less than three percent of his original claim. *See id.* at *8. Ultimately, the *Rodriguez* plaintiffs' lodestar amount was not reduced, and Plaintiffs were awarded $41,252.50 in attorneys' fees, as plaintiff's recovery was "far greater than those cases where a plaintiff made extremely small recoveries." *Id.*[8]

Faced with competing modes of analysis — attorneys' fees as a multiple of recovery versus attorneys' fees based on recovery as a percentage of the damages originally sought — the Court is persuaded that the proper consideration in this case is that Plaintiffs recovered only 6.25 percent of the damages they originally sought. Although this is a higher percentage than that recovered in the cases discussed in *Rodriguez*, the Court finds it necessary to reduce the recovery of attorneys' fees as this remains a case where Plaintiffs "made extremely small recoveries." *Id.* The Court, however, is mindful that Defendants' dilatory litigation tactics forced Plaintiffs' counsel to expend more hours litigating this case, in turn driving up the attorneys' fees. Thus, the Court balances these competing concerns, *see James*, 489 F. Supp. 2d at 1353–54, and

---

[8] Although the plaintiff in *Rodriguez* sought $24,861.04 in "uncompensated wages," 2012 WL 2119865 at *1, the settlement amount is not disclosed, making it impossible to calculate the precise percentage of recovery.

imposes a twenty-five percent reduction of the lodestar amount to reflect Plaintiffs' relatively limited success.

### III. CONCLUSION

Consistent with the foregoing analysis, Plaintiffs are entitled to recover **$102,497.25**, as

| Name | Position | Hourly Rate[9] | Total Hours[10] | Lodestar Total |
|---|---|---|---|---|
| David Andrew Byrne | Attorney–27yrs | $375 | 95.88[11] | $35,995.00 |
| Jamie Dokovna | Attorney–10yrs | $325 | 262.74 | $85,388.88 |
| Lisa Siquenza | Paralegal–15yrs | $100 | 21.17 | $2,116.50 |
| Lilliam Varga | Paralegal–16yrs | $100 | 10.37 | $1,037.00 |
| Linda Sturtevant | Paralegal–20yrs | $100 | 45.56 | $4,556.00 |
| Nikki Winer | Paralegal–4yrs | $50 | 56.02 | $2,800.75 |
| Michael Candler | Paralegal–10yrs | $100 | 31.54 | $3,153.50 |
| Robert Blumberg | Law Clerk | $95 | 17.43 | $1,655.38 |
| **Total, After 25% Reduction for Partial Success:** | | | | **$102,497.25** |

described below as Plaintiffs' reasonable attorneys' fees.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 110]** is **GRANTED in part**. The Court finds, based on the evidence presented, that the amount of Plaintiffs' reasonable and recoverable attorneys' fees is $102.497.25.

**DONE AND ORDERED** at Miami, Florida, this 31st day of January, 2013.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[9] These rates reflect the Court's reductions.

[10] These hours reflect the Court's fifteen percent reduction.

[11] This amount includes all hours for David Andrew Byrne as only one reasonable rate is applicable.